IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**TIFFANIE HUPP and RILEY HUPP,**
a minor, by and through his next friend,
Tiffanie Hupp and **CLIFFORD MYERS,**

    **Plaintiffs,**

v.                                             Civil Action No. 2:17-cv-00926

**STATE TROOPER SETH COOK and
COLONEL C. R. "JAY" SMITHERS,**

    **Defendants.**

## ORDER

Presently pending before this Court are Plaintiffs' Motion to Compel Production of Documents (ECF No. 41); Memorandum in Support of Plaintiffs' Motion to Compel Production of Documents (ECF No. 42); Defendant State Trooper Seth Cook's Response to Plaintiff's Motion to Compel Production of Documents (ECF No. 47); Reply in Support of Plaintiffs' Motion to Compel Production of Documents (ECF No. 48); and Notice Regarding Motion to Compel Production of Documents [Doc. No. 41] and Officer Cook's Deposition (ECF No. 51).

Background

On January 25, 2017, Plaintiffs filed a Complaint (ECF No. 1). On June 16, 2017, Plaintiffs filed Plaintiffs' First Set of Requests for Production to Office[r] Cook (ECF No. 20). On August 4, 2017, Defendant State Trooper Seth Cook's Responses to Plaintiffs' First Set of Requests for Production was filed (ECF No. 31).

Plaintiffs assert that they sought communications between Defendant, State Trooper Seth Cook, and third parties relating to Plaintiff Tiffanie Hupp's criminal trial (ECF No. 41). Plaintiffs' request for production at issue in their motion states:

> 5. Request to Produce 5: Produce any and all emails you have sent from any account which contain the words "Hupp" or "Buddy" or "Myers" or "Tiffanie" or "Cliff." (ECF No. 41-1 at p. 6.)

Defendant's response to the request for production states:

> RESPONSE: Objection. Request No. 5 would appear to encompass e-mails that were sent or received by this Defendant from this Defendant's Counsel in the instant lawsuit. To the extent that Request No. 5 includes such e-mails, this Defendant objects as to those e-mails were the subject of the attorney/client and/or work-product privilege. Without waiving this objection, this Defendant possesses e-mail from and to the Wood County Prosecutor prior to the trial. This Defendant has preserved those emails for the purposes of this litigation. This Defendant's Counsel has inquired from the Wood County Prosecutor if the Wood County Prosecutor wishes to assert a privilege as to those emails. This Defendant may supplement this response at a later date. (ECF No. 41-2 at p. 5.)

On October 18, 2017, Plaintiffs filed a Good Faith Certification (ECF No. 43) stating the parties engaged in good faith efforts with Defendants in an effort to resolve the dispute at issue, but had reached an impasse. Plaintiffs filed the present Motion to Compel on October 18, 2017, approximately 75 days after Defendant Cook filed Responses to Plaintiffs' First Set of Requests for Production. On October 31, 2017, Defendant filed a Response to Plaintiffs' Motion stating that Plaintiffs' Motion to Compel was untimely (ECF No. 47).

Timeliness

Pursuant to Local Rule 37.1(c), a motion to compel and other motions in aid of discovery are waived if not filed within 30 days after the due date for the subject discovery. L. R. Civ. P. 37(c). According to Local Rule 37.1(c), Plaintiffs' deadline to file a Motion to Compel concluded

on or about September 6, 2017. However, Plaintiffs waited until October 18, 2017, to file a Motion to Compel.

Local Rule 37.1(d) states in part "If a dispute arises during a discovery event, the parties must attempt in good faith to resolve the matter without judicial intervention."  Plaintiffs assert that they have demonstrated good cause for the delay because in Defendant's Response to Request 5, the Defendant stated they might "'supplement th[at] response at a later date,' based on whether or not 'the Wood County Prosecutor wishes to assert a privilege as to those emails'" and that they "properly waited for Defendants to decide whether to produce the emails."  (ECF No. 48 at p. 7). Plaintiffs also state that on September 15, 2017, Defendants announced that the prosecutor wished to assert privilege.  *Id.*  Further, Plaintiffs state that the parties engaged in good faith discussions and it was not until October 4, 2017, that Plaintiffs determined that the parties were unable to come to an agreement.  (ECF No. 48 at p. 8).

Local Rule 37.1(c) states that "Motions to compel or other motions in aid of discovery not filed within 30 days after the discovery response or disclosure requirement was due are waived, and in no event provide an excuse, good cause or reason to delay trial or modify the scheduling order."  The required good faith effort to resolve disputes pursuant to Local Rule 37.1(d) and the 30 day timeframe to file a Motion to Compel occur simultaneously.  Therefore, attempts at dispute resolution should occur before the 30 day deadline, or other stipulated deadline, expires.

Conclusion

For the reasons stated above, it is **ORDERED** that Plaintiffs' Motion to Compel Production of Documents (ECF No. 41) is **DENIED** as untimely pursuant to Local Rule of Civil Procedure 37.1(c) because it was filed more than 30 days after Defendant's responses were filed on August 8, 2017.  The parties shall bear their own costs.

The Clerk is directed to transmit a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 1, 2018

_____
Dwane L. Tinsley
United States Magistrate Judge